UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IMIRACLE (HK) LIMITED,

    Plaintiff,

v.                                      CASE NO. 3:22-cv-1398-TJC-JBT

SMOKE AND VAPE, INC., d/b/a
Smoke N Vape, and
FADI BARAKAT,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("Motion") (Doc. 16) and Defendants' Response thereto ("Response") (Doc. 17). Upon review, the Motion is due to be **STRICKEN without prejudice** because it does not comply with the Local Rules of this Court. The Court further notes that the parties' case management report is overdue. It must now be filed **no later than April 27, 2023**.

Local Rule 3.01(g) states in relevant part:

> (1) Duty.  Before filing a motion in a civil action, . . . the movant must confer with the opposing party in a good faith effort to resolve the motion.
>
> (2) Certification.  At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:
>
> (A) must certify that the movant has conferred with the opposing party,

> (B) must state whether the parties agree on the resolution of all or part of the motion, and
>
> (C) if the motion is opposed, must explain the means by which the conference occurred.

M.D. Fla. R. 3.01(g).

The Motion does not comply with the above Local Rule because it does not indicate the method of conferral. Moreover, it appears that there was inadequate conferral. Given the well-developed law in this area, the parties should have been able to resolve most, if not all, of the issues raised in the Motion. Instead, they resolved none. Indeed, it appears that the Motion and Response were both knee-jerk filings with little, if any, thought given to creating unnecessary work for the Court. Good faith conferral is not a suggestion, it is an absolute requirement, and failure to do so is sanctionable.

When conferring, the parties should consider how the Court will likely rule on each issue raised in the Motion. "[M]otions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy." *Harvey v. Lake Buena Vista Resort, LLC,* 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008); *see also Augustus v. Bd. of Pub. Instruction of Escambia Cty.*, 306 F.2d 862, 868 (5th Cir. 1962). As such, "[w]here a defendant mislabels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a

2

specific denial." *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, No. 09-21698-Civ., 2010 WL 3212066, at *3 (S.D. Fla. Aug. 12, 2010). Moreover, absent "prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *See Augustus*, 306 F.2d at 868. "[W]hen evaluating a motion to strike defenses, a court must take as true those facts supporting the questioned defenses and stated in the answer." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003).

However, the court may strike a defense that is insufficient as a matter of law. *Anchor Hocking Corp. v. JEA*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (internal citations omitted). "[A]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, No. 3:09-cv-653-J-20MCR, 2010 WL 1249841, at *1 (M.D. Fla. Mar. 25, 2010).

Under the Federal Rules of Civil Procedure, a defendant is not required "to support its affirmative defenses with elaborate factual detail." *Harvey*, 568 F. Supp. 2d at 1360; *see also* Fed. R. Civ. P. 8(b)(1) & (c)(1) ("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim

3

asserted against it" and "must affirmatively state any avoidance or affirmative defense . . . ."). "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Harvey*, 568 F. Supp. 2d at 1360; *see also Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010) (finding that the answer gave plaintiff "ample notice that defendants believed that she had failed to timely file a complaint with the EEOC"); *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011) (holding that affirmative defenses are not subject to the heightened pleading standards of *Twombly* and *Iqbal*, but rather they are subject to a notice pleading standard); *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests.").

However, "despite liberal pleading requirements, where an affirmative defense is no more than 'bare bones conclusory allegations, [it] must be stricken.'" *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (internal citations omitted). Boilerplate affirmative defenses that have no factual connection to the case obviously should not be alleged.

4

Therefore, the parties will be ordered to confer, and Plaintiff may subsequently file a new motion consistent with this Order, if necessary.[1]

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 6**) is **STRICKEN without prejudice** to Plaintiff filing a new motion, if necessary, and only after the attorneys have adequately conferred in person or by extended video or telephone conference as to each affirmative defense in dispute. The 3.01(g)(2) certificate on any future such motion must identify the date and length of the conference(s), the participants thereto, and the means by which the conference(s) occurred. Any such motion must be filed **on or before April 20, 2023**.

2. The parties must file their case management report **on or before April 27, 2023**. The uniform case management report form is on the Court's website under the tab for Judge Corrigan.

**DONE AND ORDERED** in Jacksonville, Florida, on March 30, 2023.

*Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:
Counsel of Record

---

[1] For additional guidance on how the undersigned is likely to rule on a similar motion, see, e.g., *Opulent Treasures, Inc. v. Ya Ya Logistics, Inc., et al.*, No. 3:22-cv-921-TJC-JBT (M.D. Fla. Dec. 20, 2022) (Doc. 41) and *United States, et al. v. Smart Pharmacy, Inc., et al.*, No. 3:14-cv-1453-BJD-JBT (M.D. Fla. Feb. 3, 2021) (Doc. 128).